ORFINGER, J.,
concurring.
I concur in the majority opinion. I write separately to point out that the recent United States Supreme Court decision in Navarette v. California, — U.S. -, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014), may have altered what we previously believed was wellsettled law governing when law enforcement officers may stop someone based on an anonymous tip.
In Navarette, an anonymous caller told emergency operators that a truck ran her off the roadway. The tipster also described the make, model, color, license plate and location of the suspect truck. The responding officers pulled the truck over after following it for five minutes, without observing any unusual driving or traffic infractions. The officers smelled marijuana as they approached the vehicle. A search of the truck revealed 30 pounds of marijuana. 134 S.Ct. at 1687.
The California Court of Appeal concluded that the anonymous tip gave officers reasonable suspicion to conduct an investigatory stop for possible drunk driving. On review, the United States Supreme Court affirmed, finding that under the totality of the circumstances, there were in-dicia of reliability sufficient to provide officers with reasonable suspicion that the driver of the suspect vehicle was impaired. Id. at 1692. By reporting that she had been run off the road by a specific vehicle, the Court found the caller necessarily claimed eyewitness knowledge of the alleged dangerous driving, which significantly supported the tip’s reliability. Addition *419 ally, the timeline of events suggested that the call was made almost immediately after the incident, and therefore, the caller had little time to concoct a story. The caller’s use of the 911 emergency system provided another indicator of her veracity since she could be located and possibly prosecuted if she made a false report through that system. The Court determined that because the anonymous tip had these indicators of reliability, and created reasonable suspicion of the ongoing crime of drunk driving, the officer did not need to observe the alleged unlawful behavior or otherwise corroborate it. Id. at 1689-92.
Writing for the four dissenting justices, Justice Scalia observed:
The California Court of Appeal in this case relied on jurisprudence from the California Supreme Court (adopted as well by other courts) to the effect that “an anonymous and uncorroborated tip regarding a possibly intoxicated highway driver” provides without more the reasonable suspicion necessary to justify a stop. People v. Wells, 38 Cal.4th 1078, 1082, 45 Cal.Rptr.3d 8, 136 P.3d 810, 812 (2006). See also, e.g., United States v. Wheat, 278 F.3d 722, 729-730 (8th Cir.2001); State v. Walshire, 634 N.W.2d 625, 626-627, 630 (Iowa 2001). Today’s opinion does not explicitly adopt such a departure from our normal Fourth Amendment requirement that anonymous tips must be corroborated; it purports to adhere to our prior cases, such as Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), and Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Be not deceived.
Law enforcement agencies follow closely our judgments on matters such as this, and they will identify at once our new rule: So long as the caller identifies where the car is, anonymous claims of a single instance of possibly careless or reckless driving, called in to 911, will support a traffic stop. This is not my concept, and I am sure would not be the Framers’, of a people secure from unreasonable searches and seizures. I would reverse the judgment of the Court of Appeal of California.
Id. at 1693. Is the anonymous tip in this case as reliable as the tip in Navarette? Can Navarette be read harmoniously with J.L. as its majority suggests? I cannot say, but I do know that the issue will bedevil the courts for a long time to come.